**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MONTOYA HARRIS,

        Plaintiff - Appellant,

v.

OKLAHOMA OFFICE OF JUVENILE
AFFAIRS, ex rel. Central Oklahoma
Juvenile Center,

        Defendants – Appellees.

and

KIZZELL BROWN; BRANDY SMITH;
JAMES JOHNSON,

        Defendants.

No. 12-6110
(D.C. No. 5:11-CV-01386-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

The limited issue in this appeal is whether Harris's state law negligence claim

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

against the Oklahoma Office of Juvenile Affairs (OJA) was properly dismissed under the Eleventh Amendment.

The parties are familiar with the facts and we need not recite them in detail here. Suffice to say, Montoya Harris alleges that while housed in the Central Oklahoma Juvenile Center (COJC), which is under the jurisdiction of the OJA, Youth Guidance Specialist Kizell Brown raped her. She brought suit against Brown, the OJA, James Johnson (the Superintendent of the COJC), and Brandy Smith (Brown's supervisor). She alleged a violation of the Eighth Amendment and negligence under the Oklahoma Governmental Tort Claims Act (OGTCA). All but Brown moved to dismiss. The district court granted the motion except as to the individual capacity claims against Smith. Relevant here, the court determined Harris's claims against the OJA were barred by the Eleventh Amendment.[1]

While Harris agrees the Eleventh Amendment bars her federal constitutional claim against the OJA, she believes her state law claim does not deserve the same fate. That is because, according to Harris, the OGTCA waived the State's sovereign immunity. *See* Okla. Stat. Ann. tit. 51, §§ 152.1(A), 153, 155. She acknowledges the waiver does not include suits challenging the "provision, equipping, operation or maintenance of any *juvenile detention facility*, or injuries resulting from the escape of a *juvenile detainee*, or

---

[1] The district court's dismissal order did not dispose of all the parties or claims. Upon Harris's motion, the district court certified the order under Rule 54(b) of the Federal Rules of Civil Procedure. The OJA does not challenge the certification and, upon independent review, we deem it proper.

injuries by a *juvenile detainee* to any other *juvenile detainee. . . ."* *Id.* § 155(25)

(emphasis added). Harris claims, however, the COJC is not a "juvenile detention

facility" but rather a "training school" and therefore he was not a "juvenile detainee" but

rather a "resident" while housed there. Consequently, Harris says this exemption does

not apply and the OJA has waived its immunity as to her negligence claim.

Even assuming Harris's argument concerning the scope of the exemption

contained in § 155(25) is correct, it misses the point. The Eleventh Amendment

provides: "The Judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced or prosecuted against one of the United States by

Citizens of another State, or by Citizens or Subjects of any Foreign State." Although by

its terms the Amendment seems to bar only federal jurisdiction over suits against a State

by citizens of another State or foreign State, the Supreme Court has extended it to apply

to suits against a State by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890);

*see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). "The ultimate

guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by

private individuals in federal court."[2] *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S.

356, 363 (2001). There are two exceptions to Eleventh Amendment immunity as applied

against a State: (1) Congress may abrogate a State's Eleventh Amendment immunity in

---

[2] Eleventh Amendment immunity extends to "arm[s] of the State." *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997); *see also Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1231–32 & n.3 (10th Cir. 1999). The district court determined the OJA was an arm of the State of Oklahoma. Harris does not challenge this ruling on appeal.

the exercise of its power to enforce the Fourteenth Amendment and (2) a State may waive its Eleventh Amendment immunity by consenting to suit.[3] *Coll. Sav. Bank v. Fla. PrePaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  The only exception at issue here is the second.

A State may effectuate a waiver of its constitutional immunity by a state statute. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985).  However, "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation.  Nor does it consent to suit in federal court merely by stating its intention to 'sue and be sued' or even by authorizing suits against it in 'any court of competent jurisdiction.'" *See Coll. Sav. Bank*, 527 U.S.at 676 (citations omitted); *see also Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) ("A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts.").  "In order for a state statute to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp.*, 473 U.S. at 241.  "[A] State will be deemed to have waived its [Eleventh Amendment] immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Id.* at 239-40 (quotation marks omitted).

---

[3] Under *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment also does not bar a suit against a state officer for prospective relief for an ongoing violation of the Constitution or federal law. *Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607-08 (10th Cir. 1998). *Ex Parte Young* does not apply to the State or its agencies. *Id.*

The waiver of immunity in the OGTCA extends only to the State of Oklahoma's immunity in its <u>own</u> courts. The OGTCA does not contain an explicit waiver of the State's Eleventh Amendment immunity – immunity which applies only in <u>federal</u> court. *See Lujan v. Regents of Univ. of Cal.*, 69 F.3d 1511, 1522 (10th Cir. 1995) (Eleventh Amendment immunity "is separate from sovereign immunity and can exist even where sovereign immunity does not . . . . The fact that the Regents may not be immune from suit in state court under principles of sovereign immunity does not mean that federal courts can exercise jurisdiction over [the plaintiff's] state-law claims consistent with the Eleventh Amendment.") (citations omitted). Indeed, the OTCGA expressly retains the State's Eleventh Amendment immunity: "The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. *In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution*." Okla. Stat. Ann., tit. 51, § 152.1(B) (emphasis added). Contrary to Harris's claim at oral argument, this provision does not apply only to federal claims brought in federal court. (OA:4:18-5:19.) The Eleventh Amendment applies even to state law claims sought to be brought in federal court under pendent jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984) (pendent jurisdiction over state law claims does not override the Eleventh Amendment).

**AFFIRMED.**

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge